IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARTHA HINOJOSA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. L-10-79 |
| | § | |
| WILBERT CHOWNING, JR., AND USA | § | |
| TRUCK, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff Martha Hinojosa's ("Hinojosa") motion to remand this case to state court. (Dkt. 2.) For the following reasons, the motion is DENIED.

## BACKGROUND

On November 16, 2009, Hinojosa filed suit against Defendants Wilbert Chowning, Jr., ("Chowning") and USA Truck, Inc., ("USA Truck") in the 218th Judicial District Court, La Salle County, Texas. (Dkt. 1, Attach. 4.) In her original petition, Hinojosa alleges that Chowning, acting in the scope of his employment for USA Truck, negligently changed lanes into the path of her vehicle causing her to veer into the median and lose control. (Id.)

The petition states that the accident caused Hinojosa "severe bodily injuries," and lists damages including lost wages, loss of earning capacity, past and future medical

expenses, past and future physical impairment, and past and future physical pain and suffering. (Id.) The petition does not specify the amount of damages sought, stating only that Hinojosa has incurred damages in an amount within the jurisdiction of the state court.[1] (Id.) Significantly, the petition does not describe the nature of the accident or any specific injury sustained by Hinojosa. (Id.)

Both Defendants answered the petition and the parties began conducting discovery.[2] (Dkt 1, Attach. 7, 23.) On July 7, 2010, USA Truck received a settlement demand letter from Hinojosa indicating that the amount in controversy exceeds $75,000. (Dkt. 5, Attach 13.) Shortly thereafter, on July 13, 2010, Defendants filed a notice of removal on the basis of diversity jurisdiction. (Dkt. 1.) On August 4, 2010, Hinojosa filed the pending motion to remand. (Dkt. 2.)

The parties are completely diverse for the purpose of diversity jurisdiction. Hinojosa is a citizen of Texas and

---

[1] In Texas, with respect to unliquidated damages, original petitions are to contain "only the statement that the damages sought are within the jurisdictional limits of the court." Tex. R. Civ. P. 47(b). The minimum jurisdictional amount of a Texas state district court is either $200.00, or $500.00. See Acreman v. Sharp, 282 S.W.3d 251 (Tex. App.—Beaumont 2009, no pet.).

[2] USA Truck filed its answer on December 8, 2009. (Dkt. 1, Attach. 7.) On January 25, 2010, Hinojosa filed an amended petition providing a new address for serving Chowning. (Dkt. 1, Attach 13.) Chowning filed his answer on February 22, 2010. (Dkt. 1, Attach 23.)

Chowning is a citizen of Oklahoma. (Dkt. 1, Attach 4.) USA Truck was incorporated in Arkansas and has its principal place of business in Van Buren, Arkansas. (Dkt. 1, Attach. 4, 7.) Thus, pursuant to 28 U.S.C. § 1332(c)(1), USA Truck is a citizen of Arkansas.

DISCUSSION

A defendant may remove a civil action to federal court if the case is one in which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction in cases where the opposing parties are citizens of different states and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Hinojosa does not contest that the parties are fully diverse or that the amount in controversy exceeds the minimum jurisdictional amount. (See Dkt. 2.) Rather, Hinojosa's sole argument for remand is that Defendants' removal was not timely under 28 U.S.C. § 1446(b). (Id.)

Section 1446(b) sets forth the two time periods during which a notice of removal must be filed. Under the first paragraph of 1446(b), if the case as stated by the initial pleading is removable, a notice of removal must be filed within thirty days of defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b). Under the second paragraph of 1446(b), if the

case as stated by the initial pleading is not removable, a notice of removal must be filed within thirty days of the defendant's receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is, or has become, removable. Id. In no event, however, may such a removal occur more than one year after commencement of the action. Id.

A. 28 U.S.C. § 1446(b) Paragraph 1

In Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992), the Fifth Circuit held that in diversity cases, the thirty-day removal period under the first paragraph of 1446(b) is not triggered unless the initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." The court concluded that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id.

As mentioned, the original petition in this case simply states that Hinojosa suffered "severe bodily injuries" and lists the various forms of damages Hinojosa seeks to recover. (Dkt. 1, Attach. 4.) The petition hardly describes the accident other than to say that Hinojosa at some point lost control of her

4

vehicle. (<u>Id</u>.) The petition also does not describe any property damage, or any specific injury sustained by Hinojosa. Nor does it specify an amount of damages sought. (<u>Id</u>.) Thus, the original petition does not affirmatively reveal an amount in controversy in excess of $75,000 and did not trigger the 30-day removal period under the first paragraph of 1446(b).[3] Hinojosa does not contend otherwise. (Dkt. 2.)

B. 28 U.S.C. § 1446(b) Paragraph 2

The issue, then, is when, if at all, the thirty-day period under the second paragraph of 1446(b) was triggered, and whether Defendants filed their notice of removal within that window. In <u>Bosky v. Kroger Texas, L.P.</u>, 288 F.3d 208 (5th Cir. 2002), the Fifth Circuit reaffirmed its holding in <u>Chapman</u> and established an even stricter standard for the level of certainty required to trigger the thirty-day removal period under the second paragraph

---

[3] Though original pleadings that allege injuries without specifying an amount of damages have been found to facially reveal an amount in controversy sufficient for diversity jurisdiction, simply pleading "severe bodily injuries," without any elaboration, does not suffice. <u>Cf. Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999) (holding that plaintiff's original pleading stating damages stemming from congestive heart failure, including travel expenses, property damages, an emergency ambulance trip, and a six day hospital stay, facially revealed an amount in controversy over $75,000).

5

of 1446(b). The court distinguished the two periods by analyzing key language in 1446(b):

> "Setting forth," the key language of the first paragraph, encompasses a broader range of information that can trigger a time limit based on notice than would "ascertained," the pivotal term in the second paragraph. To "set forth" means to "publish" or "to give an account or statement of." "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally.

Id. at 211 (footnotes omitted).

The court did not apply the Chapman "affirmatively reveals on its face" standard to the second paragraph of 1446(b). Id. Instead, it held that "the information supporting removal in a copy of an amended pleading, motion, order, or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Id. This standard, the court reasoned, would promote judicial economy by "reduc[ing] 'protective' removals by defendants faced with an equivocal record." Id.

USA Truck argues that Hinojosa's July 7, 2010 settlement demand letter was the first document it received that made it unequivocally clear and certain that the amount in controversy exceeds $75,000, thereby triggering the thirty-day removal period under the second paragraph of 1446(b). (Dkt. 5, Attach. 13.) Hinojosa argues that Defendants received several documents,

6

long before July 7, 2010, that revealed an amount in controversy over $75,000. (Dkt. 5.) These documents include: Hinojosa's amended petition (Dkt. 1, Attach. 13); Dr. Senelick's medical report (Dkt. 5, Attach. 8); USA Truck's motion to compel a medical examination (Dkt 1, Attach. 17); Hinojosa's January 22, 2010 letter to Defendants' counsel (Dkt. 5, Attach. 7); Hinojosa's response to USA Truck's request for disclosure, (Dkt. 5, Attach. 4) and; Hinojosa's response to USA Truck's first set of interrogatories and requests for production (Dkt. 2, at 55.)

All of the pre-July 7 documents failed to trigger the removal period under the second paragraph of 1446(b). The amended petition pleads the exact same facts and damages as the original petition, and therefore clearly does not reveal the requisite amount in controversy. USA Truck's motion to compel a medical examination and Dr. Senelick's medical report discuss various potential medical issues, but in no way clearly establish that the amount in controversy exceeds $75,000. Even if they did, those documents could not have triggered the removal period because they were not voluntary acts of the plaintiff. See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) ("[A]n action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." (quoting Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir. 1967)); see also 16 James Wm Moore et

7

AL., MOORE'S FEDERAL PRACTICE § 107.14[2][h] (3d ed. 2010)
("Diversity jurisdiction is generally determined by the
plaintiff's complaint . . . and any subsequent voluntary acts by
the plaintiff.").

The discovery responses and the letter from Hinojosa's
counsel similarly do not satisfy the <u>Bosky</u> standard. Hinojosa's
January 11, 2010 response to USA Truck's request for disclosure
reveals $5,230.50 in medical expenses, approximately $15,000 in
lost wages, and approximately $20,000 in property damage, for a
total of $40,230.50 damages to date. (Dkt. 5, Attach. 4.)
Hinojosa's response also states that "[a]dditional medical and
billing records have been requested and will be supplemented
upon receipt." (<u>Id</u>.) Hinojosa's responses to USA Truck's first
set of interrogatories, received by USA Truck on January 12,
2010, disclose the same $40,230.50 in damages and state that
Hinojosa was "scheduled to have surgery on February 18, 2010 and
[would] have additional doctor and hospital expenses." (Dkt. 2,
at 55.) The letter from Hinojosa's counsel, dated January 22,
2010, is only relevant to the extent that it states "Ms.
Hinojosa is undergoing neck surgery this month and I will agree

°

to amend my petition specifying the maximum dollar amount we are suing for within sixty days."[4] (Dkt. 5, Attach. 7.)

Though the discovery responses and letter reveal claimed damages of $40,230.50, and the potential for more medical expenses to come, not one of these documents made it "unequivocally clear and certain" that the amount in controversy exceeds $75,000. Bosky, 288 F.3d at 211; see also Harden v. Field Mem'l Cmty. Hosp., 265 Fed. Appx. 405, 408 (5th Cir. 2008) (not designated for publication) (citing Bosky, 288 F.3d 208) (holding that an amended complaint describing injuries including a fractured nose, fractured jaw, broken dentures, contusions, and lacerations to the face, and seeking damages for "past, present, and future harm," did not make it unequivocally clear and certain that damages exceeded $75,000). The standard established in Bosky is a bright-line rule, implemented in large part so that defendants faced with an equivocal record, like in this case, need not play a guessing game and engage in "protective" removals to prevent losing the right to remove. Bosky, 288 F.3d at 211-12.

The Court agrees that Hinojosa's July 7, 2010 settlement demand letter triggered the removal period under the second

---

[4] Incidentally, Hinojosa did not undergo surgery until June 10, 2010, and never amended her petition to specify the maximum amount of damages claimed. (Dkt. 2, at 5.)

paragraph of 1446(b). (Dkt. 5, Attach. 13.) In that letter, Hinojosa demands one million dollars in exchange for a release of her claims, making it "unequivocally clear and certain" that the amount in controversy exceeds $75,000.[5] (Id.) Also, it is well settled that a post-complaint demand letter constitutes "other paper" within the meaning of the second paragraph of 1446(b). Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) ("[Plaintiff's] post-complaint demand letter was an "other paper" under § 1446(b) which gave [defendant] notice that the case was removable."). Defendants filed their notice of removal on July 13, 2010, well within the thirty-day window. (Dkt. 1.)

CONCLUSION

For all of the foregoing reasons, Hinojosa's motion to remand this case to state court (Dkt. 2) is DENIED. This case is now referred to Magistrate Judge Saldaña to set pretrial deadlines.

DONE at Laredo, Texas, this 12th day of October, 2010.

George P. Kazen
Senior United States District Judge

---

[5] Hinojosa included over $75,000 worth of medical bills with the letter. (Dkt. 5, Attach. 14.) On July 8, 2010, USA Truck received supplemental discovery responses stating that Hinojosa's medical expenses to date totaled $116,660.36. (Dkt. 5. Attach. 15.)